UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:15-CV-7-GNS-HBB

UNITED STATES OF AMERICA upon the
relation and for the use of the TENNESSEE
VALLEY AUTHORITY                                                                     PLAINTIFF

v.

An Easement and Right-of-Way over 3.11 Acres,
More or Less, of Land in Warren County, Kentucky,
DAN M. DUVALL, and MARGIE DUVALL                                    DEFENDANTS

## MEMORANDUM OPINION & ORDER

The United States, on behalf of the Tennessee Valley Authority ("TVA"), brings this

action for the taking of property under the power of eminent domain. Before the Court is TVA's

Motion for Judgment on the Pleadings as to certain defenses under Fed. R. Civ. P. 12(c). (DN

14). For the reasons outlined below, Plaintiff's motion is **GRANTED**.

## I.   STATEMENT OF FACTS AND CLAIMS

Dan and Margie Duvall ("the Duvalls") are the owners of approximately 3.11 acres of

disputed property in Warren County, Kentucky.  TVA filed its Complaint on January 20, 2015,

and asserted its rights to condemn the disputed property in compliance with the procedures

mandated by Fed. R. Civ. P. 71.1. (Compl. ¶¶ 1-7, DN 1). On the same day, and also in

compliance with that Rule, TVA filed a Declaration of Taking stating the authority for the taking

and the public uses for which the property is sought. (Decl. of Taking, DN 3). In their Answer,

the Duvalls admit most allegations in the Complaint but dispute that the purpose of the

condemnation is for a public purpose.  (Answer ¶ 2, DN 6). Defendants argue ruling on the

1

motion is premature because the motion is not ripe, and they are entitled to discovery before this Court's ruling. (Defs.' Resp. to Mot. for J. on Pleadings, DN 15).

## II.  STANDARD & LAW

Rule 12(c) allows motions for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). Rule 12(c) motions are analyzed under the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir.2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal quotation marks omitted) (citation omitted). Courts need not, however, "accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citation omitted). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Winget*, 510 F.3d at 582 (internal quotation marks omitted) (citing *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## III.  JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the Tennessee Valley Authority Act of 1933 ("TVA Act"), 16 U.S.C. §§ 831-831ee.

## IV.  DISCUSSION

Both Defendants' arguments that a ruling is premature are unavailing. First, Rule 12(c) provides for motions for judgment on the pleadings after the close of pleadings. In accordance with Fed. R. Civ. P. 7(a), pleadings are closed after a filing of a complaint and answer. The

Complaint (DN 1) and Answer (DN 6) were filed on January 20, 2015, and February 6, 2015, respectively, and were followed by a Rule 12(c) motion. Ripeness does not preclude a ruling on the motion. Second, discovery does not either. "[T]he purpose of a motion under Rule 12(c) is to test the sufficiency of the complaint, without requiring the parties to engage in expensive and time-consuming discovery and without reaching the merits of the case." *Marsilio v. Vigluicci*, 924 F. Supp. 2d 837, 847 (N.D. Ohio 2013). TVA's motion could serve exactly that purpose here. Because both arguments for delaying ruling are meritless, the Court will rule on the motion.

In the Duvalls' Answer to the Complaint, they assert that TVA's purpose for condemning their property is not a public one because the power lines will benefit private corporations. (Answer ¶ 2). Because this is a legal conclusion, however, the Court need not accept it as true. Under the TVA Act of 1933, TVA has the "power in the name of the United States of America to exercise the right of eminent domain . . . ." 16 U.S.C. § 831c(h). This power is expressly applicable to "acquire real estate for the construction of dams, reservoirs, transmission lines, power houses, and other structures . . . at any point along the Tennessee River, or any of its tributaries. . . [and TVA may] condemn all property that it deems necessary for carrying out the purposes of this chapter . . . ." 16 U.S.C. § 831c(i). Courts in this circuit have consistently held that condemnation for the construction of power lines constitutes a public use.[1] This power has been construed to include the construction of power lines to serve a single, private corporation in the context of the Saturn automotive assembly plan in Spring Hill, Tennessee. *United States ex*

---

[1] *See, e.g.*, *United States v. Easements & Rights-of-Way over a Total of 11.36 Acres of Land, More or Less, in Fayette Cnty., Tenn.*, No. 05-2200 B, 2006 WL 382132, at *1 (W.D. Tenn. Feb. 16, 2006); *United States ex rel. Tenn. Valley Auth. v. An Easement & Right-of-Way Over a Total of 6.23 Acres of Land, more or less, in Tipton Cnty., Tenn.*, No. 11-CV-02853, 2012 WL 3613999, at *2 (W.D. Tenn. Aug. 21, 2012); *United States ex rel. Tenn. Valley Auth. v. Easement & Right-of-Way Over a Total of 2.14 Acres of Land, More or Less, in Tipton Cnty., Tenn.*, No. 11-CV-02847, 2012 WL 3630276, at *2 (W.D. Tenn. Aug. 21, 2012).

*rel. & for Use of Tenn. Valley Auth. v. An Easement & Right-of-Way Over 1.8 Acres of Land, More or Less, in Maury Cnty., Tenn.*, 682 F. Supp. 353, 359 (M.D. Tenn. 1988). Defendants have cited to no authority to the contrary. Accordingly, TVA is entitled to a judgment on the pleadings because it has the right to take, for just compensation, the Duvalls' property for the construction of power lines.[2]

## V.   CONCLUSION

For the stated reasons, the Court holds Defendants' defenses as to the taking fail as a matter of law. TVA's Motion for Judgment on the Pleadings (DN 14) is **GRANTED**.  The case will remain on the Court's docket for further proceedings to address the issue of compensation.

Greg N. Stivers, Judge
United States District Court

April 27, 2015

cc:     counsel of record

---

[2] Defendants, however, are entitled to a trial to contest the compensation offered.